Juanita Roger et al., Plaintiffs and Appellants, *v.* Isabel Torres, Defendant and Appellee.

No. 10258.   Argued November 6, 1950.—Decided November 21, 1950.

R. *Atiles Moréu* for appellants.   *Carlos E. Colón* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The District Court of Ponce dismissed the complaint of unlawful detainer at sufferance in this case having concluded that the evidence disclosed a conflict of titles among the parties.   The plaintiffs appealed and even though they assign four errors in their brief, the sole question involved is whether the court erred in weighing the evidence and deciding that there exists a conflict of titles.

■■ Apparently because the Rules of Civil Procedure are not applicable to cases of unlawful detainer,[1] the lower court, in rendering judgment, did not set forth separately the facts proved and its conclusions of law. However, we take this opportunity to call the attention of the lower courts to the fact that in those cases where the Rules of Civil Procedure are not applicable, § 227 of the Code of Civil Procedure, which imposes on the judges the same duty to state "separately and briefly the facts he considers proved and his juridic reasons for his decision." to which they are submitted by Rule 52(a) in all other cases, continues in force as to this question.

■■ In the case at bar the court, in the judgment, after referring to the pleadings of the complaint and of the answer, after copying the special defenses set up in the answer and after pointing out two contradictions between the pleadings of the complaint and plaintiffs' evidence and between the documentary and the oral evidence, merely stated as follows:

"The transaction involving the purchase of the property by Juanita Roger, the wife of Javier Vélez, seems to us rather queer. Javier Vélez is the father of two children had by the defendant Isabel Torres. The latter and her two children have lived in said property as owners, ever since Javier Vélez and Antonio Vélez, the grandfather of those two minors, appear purchasing that property. Javier goes to San Juan, there he marries Juanita Roger and they live there since 1946. On June 5, 1948 Javier appears selling his share in that property to his father, for a sum which was not delivered; in that same deed Javier's father appears selling the property to Javier's wife; four days later a letter is sent to Isabel Torres, on behalf of Juanita Roger, requesting her to vacate the property because the latter 'intends to sell it' and it is alleged in the complaint that they acquired it to 'occupy it as their place of residence.'

"The defenses of the defendant are supported by the evidence she presented. The fact that she lives in the house with the

---

[1] See Rules 52(a) and 81 (a) of the Rules of Civil Procedure and *Falcón* v. *Cruz*, 67 P.R.R. 496, 497, footnote (1).

minor children of the plaintiff Javier Vélez; the latter's statement that 'after purchasing, I moved her to the house involved in the suit so that the children should live there'; the fact that he won $300 in the *bolita;* the fact that the children's grandparent told the defendant a month prior to the sale, that she would have to pay for the water, and the testimony of the defendant and her witnesses rendered said defenses not mere pretexts or groundless pleadings, but rather established a genuine conflict of titles which we are not authorized to resolve in this special and summary proceeding of unlawful detainer, especially when the deed of sale of June 1948 has all the earmarks of a transaction between spouses.

"It should be well understood that we are not making conclusions as to who is the real, effective, and legitimate owner of the property involved in this unlawful detainer. What we do determine is the genuine existence of conflicting claims as to the title to said property, which must be settled in an ordinary action. *Heirs of Pedroza* v. *Martínez,* 64 P.R.R. 5; *Colón* v. *Santiago,* 64 P.R.R. 298."

The defenses referred to by the court were to the effect that the defendant and her two minor children, born while she lived in concubinage with the coplaintiff Javier Vélez, do not occupy the property at sufferance since it was acquired by Vélez with the proceeds of a number of *bolita* which he and the defendant played in the name of their children, having agreed to record the property in the children's name, which Vélez did not do for he recorded it in his name and in the name of his father Antonio Vélez, the minors' grandfather, in order to facilitate any future transaction involving said house.

Having examined the evidence we consider that the lower court was justified in the conclusion it reached, since defendant's evidence tended to show that the coplaintiff Javier Vélez Vázquez on or about 1943 lived in Ponce in concubinage with the defendant Isabel Torres from whom he had two children; that they played a number of *bolita* in their children's name, which number won a prize; that they decided to buy a house and lot for their children and in order to avoid judicial pro-

ceedings in the future in case they wished to dispose of the property, it was purchased by Vélez and recorded in his name and in the name of his father, the grandfather of the two minors; that Vélez and the defendant and their children moved into the house and lived therein until 1945 when Vélez separated from the defendant and came to live to San Juan, the defendant and her children continuing to live in the house; that Vélez married the coplaintiff Juanita Roger and in 1948 by deed No. 139 executed on June 5 before Notary Rafael Atiles Moréu, the coplaintiff Vélez appears selling to his father Antonio Vélez Ortiz his interest in the house and lot for $325, setting forth that said sum was delivered to him in the presence of the notary, and in the same deed Antonio Vélez Ortiz appears selling the entire property to Juanita Roger, the coplaintiff's wife, for $650 which it is also stated to have been delivered in the presence of the notary. Four days after this deed was executed, the coplaintiff wrote a letter to the defendant requesting her to vacate the house because she needed it to live therein and, when the defendant failed to do so, this action of unlawful detainer was brought. The evidence showed, furthermore, that despite the fact that in the deed of sale it appears that the father of the coplaintiff Vélez had delivered to him the $325 in the presence of the notary, said fact was false, for according to the testimony of Vélez, he had received from his father a long time previously, $200 for his share in the house.

We have held that the mere existence of a concubinage can not originate a conflict of titles in regard to a property object of an unlawful detainer. *Correa* v. *Quiñones*, 29 P.R.R. 47; *Mojica* v. *González*, 43 P.R.R. 956. However, even in said cases we decided, in the case of Correa, that leaving aside the matter of concubinage, when the defendant denies that he is in possession at sufferance and alleges that the house belongs in common to both parties because it was built with the funds of both and that by virtue of an agreement entered into between them upon terminating their com-

munity life he occupies the part sued for, if said allegation is not without some show of evidence an action of unlawful detainer does not lie. And in the case of Mojica we said at page 957: "Perhaps if the defendant had brought evidence strong enough to convince the court that the property was hers although put in the name of Antonio Sánchez Mojica, a conflict of titles might have arisen."

In the present case the defendant, the ex-concubine of the plaintiff Vélez, is not claiming any right over the property she occupies. Even though her minor children were not sued in this action, she alleged and presented evidence, believed by the court, sufficiently strong to tend to show that the coplaintiff agreed with her that the proceeds of the prize obtained would be invested in purchasing a house for them and that, in violation of said agreement, the house was acquired by the coplaintiff and his father; that she and her children, with the knowledge and consent of the coplaintiff and his father, have always lived in said house ever since they acquired it until the commencement of this action and they continue to live therein. These facts, coupled with the manner in which the coplaintiff appears selling his share to his father and the latter, the entire property to Juanita Roger, the wife of the coplaintiff, are sufficient in our judgment to support the conclusion of the lower court. The right of ownership which the children of the defendant might have over the house and lot they occupy with their mother can not be determined in this action of unlawful detainer.

The judgment will be affirmed.